# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | |
|---|---|
| **MICHAEL OLOWO-AKE, SR.,** *as Administrator of the Estate of Michael Olowo-Ake, Jr., and on behalf of all of the Heirs at Law and wrongful death beneficiaries of Michael Olowo-Ake, Jr., deceased* | **PLAINTIFF** |
| v. | CAUSE NO. 3:12-CV-227-CWR-FKB |
| **EMERGENCY MEDICAL SERVICES CORPORATION; AMERICAN MEDICAL RESPONSE, INC.; JIM POLLARD; MARVIN HEWATT ENTERPRISES, INC.; CHEVRON U.S.A., INC.; JOHN DOES 1-10** | **DEFENDANTS** |

## ORDER

Pending before the Court are the plaintiff's motion to remand [Docket No. 6], the plaintiff's motion for leave to file a memorandum in support of his motion to remand [Docket No. 11], and a defendant's motion to strike [Docket No. 12]. This Order addresses the latter two motions only, so that the parties may proceed to finish briefing the motion to remand.

After considering the facts, pleadings, and applicable law, the motion for leave to file will be granted and the motion to strike will be denied.

I.  *Factual and Procedural History*

The plaintiff's allegations will be summarized briefly. On April 11, 2010, Michael Olowo-Ake, Jr., was fatally shot at the gas station located at 5300 North State Street, Jackson, Mississippi. Docket No. 1-2, at 5. His father, on behalf of Olowo-Ake's estate and heirs, filed this suit alleging, *inter alia*, that the gas station's employees failed to call 911 and that nearby EMTs refused to treat his son's injuries for an undefined period of time. *Id.* at 5-7. He claims that those omissions and delays injured his son and ultimately resulted in his son's death. *Id.* at 7. The plaintiff's complaint was filed on January 12, 2012, in the Circuit Court of Hinds County, Mississippi. *Id.* at 1. A defendant timely removed the case to this Court. Docket No. 1.

The present issue is procedural. On April 26, 2012, the plaintiff filed a five-page motion to

remand. Docket No. 6. It stated, in relevant part, "Defendant AMR has failed to sustain its heavy burden of proving fraudulent joinder . . . as outlined in Plaintiff's Memorandum of Authorities in Support of Motion to Remand." *Id.* at 2. Contrary to that statement, though, the plaintiff had not actually filed his supporting memorandum, as required by the Local Rules.

On May 10, defendant American Medical Response, Inc. ("AMR") filed a response brief and supporting memorandum highlighting that failure. Docket Nos. 8-9. "Plaintiff's Motion to Remand refers to a nonexistent Memorandum of Authorities in support of the Motion to Remand. AMR has not received a memorandum of authorities, and this Court's docket does not reflect that one has ever been filed. On this basis alone Plaintiff's Motion to Remand should be denied." Docket No. 9, at 4 (citations omitted). AMR proceeded to explain why it opposed the motion to remand. *Id.* at 4-12. AMR's response and supporting memorandum were electronically filed with the Court at 4:41 PM and 4:43 PM, respectively, and therefore were served upon their opponent by email at that time. *See* Notices of Electronic Filing of Docket Nos. 8-9.

At 5:20 PM that same day, the plaintiff electronically filed a seven-page memorandum in support of his motion to remand. *See* Notice of Electronic Filing of Docket No. 10; Docket No. 10. One minute later, he filed a motion for leave to file his memorandum out of time. *See* Notice of Electronic Filing of Docket No. 11. The plaintiff stated that when he filed his motion to remand, his supporting memorandum "was not properly attached to his filing." Docket No. 11, at 1.

AMR moved to strike the plaintiff's late memorandum for violating the Local Rules. Docket No. 12, at 2. "This rule clearly requires that the memorandum be filed 'at the time the motion is served' and not 14 days afterwards." *Id.* It contended that it had been prejudiced by the delay, among other issues, and opposed the plaintiff's motion for leave to file. *Id.* at 2-3. In the alternative, AMR requested an additional 14 days to respond to the plaintiff's memorandum supporting remand. *Id.* at 3. Somewhat surprisingly, AMR's motion to strike was unaccompanied by a supporting memorandum.

II.     *Discussion*

Under the Local Rules of this Court, "[a]t the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant must file a memorandum brief in support of the motion. . . . Failure to timely submit the required motion documents may result in the denial of the motion." L.U. Civ. R. 7(b)(4).

In resolving disputes arising under these Rules, however, the Court separates willful failures from inadvertent mistakes, and then makes a distinction between issues serious and trivial. *See Cauley v. Sabic Innovative Plastics, U.S., L.L.C.*, No. 1:10-cv-26, 2012 WL 1033462, *2 (S.D. Miss. Mar. 27, 2012) ("Striking a party's pleading as a sanction for its failure to obey court orders is within [the Court's inherent] power. However, such sanctions may only be levied against parties who have exhibited bad faith or willful abuse of the judicial process.") (quotation marks and citations omitted). The practice of law comes with firm deadlines like statutes of limitations, but also other deadlines to which unduly harsh, disproportionate consequences should not attach. *See Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011) ("Because the consequences that attach to the jurisdictional label may be so drastic, we have tried in recent cases to bring some discipline to the use of this term.") (distinguishing between jurisdictional and claim-processing rules).

In addition, it is well-established that courts should attempt to resolve disputes on the merits, rather than by motions to strike:

> [W]hen there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike. Under such circumstances, the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination on the merits.

*Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (citations omitted). "Even when addressing a pure question of legal sufficiency courts are very reluctant to determine such issues on a motion to strike, preferring to determine them only after further development by way of discovery and a hearing on the merits, either on summary judgment motion or at trial." *Solis v. Bruister*, No. 4:10-cv-77, 2012 WL 776028, *7 (S.D. Miss. Mar. 8, 2012) (quotation marks and citation omitted); *see Conn v. United States*, 823 F. Supp. 2d 441, 443-44 (S.D. Miss. 2011) ("even a properly made motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted") (quotation marks and citation omitted).

Here, the plaintiff's failure to attach a supporting memorandum along with his motion to remand appears to be an inadvertent error of little real consequence. When the plaintiff received AMR's response on May 10, he likely saw his mistake, because within 30 minutes he had corrected that mistake by filing his memorandum and moving the Court to accept his late pleading. In that

3

short time, it is unlikely he could have written and filed a seven-page memorandum supporting remand, as well as a motion for leave to file. More likely, the memorandum was already written and just had not been filed 14 days earlier. The plaintiff's actions show a willingness to promptly correct minor clerical errors, a behavior which merits understanding between professionals, not punishment.

Further, this situation is easily distinguishable from the case AMR asks the Court to follow. *McCool v. Coahoma Opportunities, Inc.*, No. 2:06-cv-72, 2007 WL 670939 (N.D. Miss. Feb. 28, 2007). In *McCool*, the plaintiff's supporting memorandum "was filed fifty-one days after her initial motion was filed and *thirty-four days after the defendants filed a response*," and was therefore stricken for being "extremely untimely." *Id.* at 2 (emphasis added). Given our facts, that case provides scant support for AMR's requested relief.

In theory, AMR has been prejudiced by its inability to respond to its opponent's supporting memorandum. But that is true only to the extent AMR's response would have changed based upon information in the plaintiff's untimely *memorandum* that was not contained in the plaintiff's timely *motion*. And here, AMR's memorandum opposing remand was thorough, such that it is unlikely it needs to add anything, especially since the plaintiff's memorandum focused mainly on the standard of review. The Court needs no additional briefing on the standard of review applicable to motions to remand.

Nevertheless, assuming AMR needs to say more, any prejudice can be cured by a 14-day continuance, as AMR's motion to strike recognizes. *See* Docket No. 12, at 3. Within 14 days, therefore, AMR should either file an amended response that addresses new arguments contained only in the plaintiff's untimely memorandum, or file a notice declining that opportunity in light of AMR's existing response brief. Regardless of AMR's choice, the plaintiff will have the usual seven days to file his rebuttal, if any.

Finally, the Court observes that AMR's motion to strike was filed without a supporting memorandum. This may or may not have been an oversight on the part of AMR – though AMR did not request leave of Court to file the motion without an accompanying memorandum – but the Court will not penalize AMR. In this instance, neither party is prejudiced by the other's failure.

III.    Conclusion

The plaintiff's motion for leave to file is granted. AMR's motion to strike is denied, but the Court grants AMR's alternative requested relief: a 14-day window to file an amended response brief,

4

if necessary.  The plaintiff shall then have seven days to file a rebuttal brief, if desired.

**SO ORDERED**, this the 17th day of July, 2012.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE