# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**MICHAEL OLOWO-AKE, SR.,**                                      **PLAINTIFF**
*as Administrator of the Estate of Michael*
*Olowo-Ake, Jr., and on behalf of all of the*
*Heirs at Law and wrongful death*
*beneficiaries of Michael Olowo-Ake, Jr.,*
*deceased*

**v.**                                            **CAUSE NO. 3:12-CV-227-CWR-FKB**

**EMERGENCY MEDICAL SERVICES**                          **DEFENDANTS**
**CORPORATION; AMERICAN**
**MEDICAL RESPONSE, INC.; JIM**
**POLLARD; MARVIN HEWATT**
**ENTERPRISES, INC.; CHEVRON**
**U.S.A., INC.; JOHN DOES 1-10**

## ORDER

Before the Court are the plaintiff's motion to remand [Docket No. 6], the plaintiff's motion for leave to amend the complaint to substitute parties [Docket No. 15], defendant Marvin Hewatt Enterprises' motion to dismiss [Docket No. 17], defendant Chevron's motion to dismiss [Docket No. 20], and defendant American Medical Response's motion for leave to file a sur-reply [Docket No. 27]. The motions are fully briefed and ready for review.

*I.      Factual and Procedural History*

On April 11, 2010, Michael Olowo-Ake, Jr., was fatally shot at the gas station located at 5300 North State Street, Jackson, Mississippi. Docket No. 1-2, at 5. His father, on behalf of Olowo-Ake's estate, filed this suit in state court alleging, *inter alia*, that the gas station's employees failed to call 911 and that nearby EMTs refused to treat his son's injuries for an undefined period of time. *Id.* at 5-7. He claims that those omissions and delays injured his son and ultimately resulted in his son's death. *Id.* at 7. The defendants named in the complaint were Emergency Medical Service Corporation, American Medical Response, Inc. (AMR), Jim Pollard, Marvin Hewatt Enterprises, Inc., Chevron U.S.A., Inc., and John Does 1-10. *Id.* at 1.

The suit was subsequently removed to this Court by AMR. Docket No. 1. AMR argued that diversity jurisdiction was established because all of the proper parties were citizens of states other

than Mississippi and the amount in controversy exceeded $75,000. *Id.* at 3. Defendant Jim Pollard, who is a citizen of Mississippi, was alleged to be improperly joined. *Id.* at 3-4. All defendants except Pollard joined in the notice of removal. Docket No. 1-4. The present motions followed.

II.    *Standard of Review*

    A.    *The Improper Joinder Doctrine*

"There should be little need for a reminder that federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (citation and quotation marks omitted). "The district courts have original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, and is between citizens of different states." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011) (citing 28 U.S.C. § 1332). Here, it is undisputed that the amount in controversy exceeds $75,000. The question is complete diversity of the proper defendants.

The Fifth Circuit has stated succinctly the law of improper joinder:

> The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity. We have previously stated, but it bears emphasizing again, that the burden of demonstrating improper joinder is a heavy one. To establish a claim for improper joinder, the party seeking removal must demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Under this second prong, we examine whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005) (citations, quotation marks, and brackets omitted). As in *McDonal*, here AMR's allegations of improper joinder fall under the second prong only. Docket No. 1, at 2.

"A district court should ordinarily resolve a[n] improper joinder by conducting a Rule 12(b)(6)-type analysis." *Id.* at 183 n.6. "That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir.

2004) (en banc) (citations omitted).

"[A]ny contested issues of facts and any ambiguities of state law must be resolved in the [non-removing party's] favor." *Cuevas*, 648 F.2d at 249 (citation omitted). "[B]ecause removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Church v. Nationwide Ins. Co.*, No. 3:10-CV-636, 2011 WL 2112416, *2 (S.D. Miss. May 26, 2011) (quoting *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)); *see Williams v. Brown*, No. 3:11-CV-273, 2011 WL 3290394, *3 (S.D. Miss. July 28, 2011) ("Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction.") (citations and quotation marks omitted).

      B.      *The Motion to Dismiss Standard*

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id.* (citation and quotation marks omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citation omitted).

Since *Iqbal*, the Fifth Circuit has stated that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011).

Because this case is presently proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011); *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 228 (5th Cir. 2007). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

III.    *Discussion*

      A.      *The Plaintiff's Motion to Remand*

3

The first question is whether AMR has established that the plaintiff has no possibility of recovering against in-state defendant Pollard.

The plaintiff's complaint asserted that Pollard "was responsible for, among other things, overseeing AMR's Jackson, MS operation and setting policies/procedures related to emergency medical technicians or drivers on April 11, 2010." Docket No. 1-2, at 2. Pollard was alleged to be liable for "negligent hiring, retention, supervision, and/or control" over the EMTs that treated (or failed to treat) the plaintiff's son that night. *Id.* at 9-10.

With its notice of removal, though, AMR attached an affidavit from Pollard which stated that he is AMR's public affairs and marketing manager. Docket No. 1-3. Pollard denied making policies or procedures, or training or supervising employees on patient or medical response issues; instead, he claimed to train employees on how to conduct community outreach. *Id.* His involvement in this matter was limited to answering media questions after the shooting, he said. *Id.*

The plaintiff's argument for remand first emphasizes the undisputed fact that Pollard is a citizen of Mississippi. Docket No. 6, at 2. He then asserts that Pollard "should be" responsible for AMR's EMT training policies. *Id.* at 2-3. He claims Pollard is liable for failing to train the EMTs who treated the plaintiff's son that night, because the EMTs did not adequately respond to the call, did not adequately respond "to citizens who approach them while waiting in an ambulance," and did not "understand[] the impact of their failure to respond to citizen calls . . . on the Hinds County community." *Id.* at 3.[1]

Pollard's uncontradicted affidavit is sufficiently narrow to warrant piercing the pleadings. *See Smallwood*, 385 F.3d at 573. The affidavit shows that the plaintiff has not stated a plausible claim for relief against Pollard.

There is no reasonable basis to predict that AMR's media and marketing supervisor can be held responsible for a lack of training or supervision of EMTs working in the field, when he had neither knowledge of nor responsibility for the EMTs. *See Kemp v. CTL Distribution, Inc.*, 440 F. App'x 240, 246 (5th Cir. 2011) (unpublished) (dismissing improperly joined manager who had no knowledge of or responsibility for the dangerous condition at issue); *Guillory v. PPG Indus., Inc.*,

---

[1] This part of the plaintiff's brief noted that the plaintiff had not yet identified the EMTs in question – who are Mississippi citizens that would defeat diversity jurisdiction without having to consider Pollard – because their names had been redacted from AMR's medical records. Docket No. 6, at 3-4.

434 F.3d 303, 312 (5th Cir. 2005) (same).  Pollard's role in training AMR employees on outreach is not sufficiently related to training EMTs how to respond appropriately to medical emergencies. Even if both take place in the "community," media duties are materially different from medical duties.

As a result, Pollard will be dismissed.

B.     The Plaintiff's Motion to Amend and Substitute

While that would appear to settle the jurisdictional question, before the briefing on the motion to remand was completed, the plaintiff moved to amend his complaint to substitute EMTs Nikita Hall and Angela Farlow for John Does 1 and 2.[2]  Docket No. 15.  Such amendment would defeat diversity jurisdiction because the EMTs were claimed to be Mississippi citizens.  *Id.* at 1 n.1; *see* Docket No. 15-1, at 3.

AMR's opposition to substitution first observes that only Hall is a Mississippi citizen. Docket No. 23, at 1.  It argues that substitution is unnecessary because AMR concedes its responsibility for Hall and Farlow's alleged errors, as they were operating within the course and scope of their employment.  *Id.* at 2.  AMR adds that it can satisfy any judgment rendered against it, then contends that the plaintiff failed to exercise reasonable diligence to discover the EMTs' names.  *Id.*  It has attached two Orders from other cases in this judicial district, *Lacey v. Ledic Mgmt. Group, LLC*, No. 3:09-CV-693 (S.D. Miss. Apr. 12, 2010) and *Robinson v. AMR*, No. 3:08-CV-153 (S.D. Miss. Jan. 14, 2009), in which Judges Ball and Anderson each resolved identical disputes exactly the way AMR proposes.  Docket Nos. 23-4; 23-5.

Federal law provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  In these situations, the Fifth Circuit applies a multi-factor test looking to "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities."  *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

---

[2]  Technically, Farlow is a paramedic and Hall is an EMT.  Docket No. 23, at 1.  For convenience, they will be referred to as EMTs.

Judges Anderson and Ball's Orders denying substitution each found that granting leave to amend would defeat federal jurisdiction, that the plaintiff could have identified the additional defendants earlier, and that the plaintiff would not be injured by denial of the motion to substitute – the only "injury" would be denial of the plaintiff's choice of forum.  Docket Nos. 23-4; 23-5.

The plaintiff in our case asserts without citation that his situation is distinguishable because he is *substituting* Hall and Farlow to *replace* John Does 1 and 2, not *adding* new defendants.  Docket No. 26, at 1.  But Judge Anderson's case was in the exact same posture.[3]  Docket No. 23-4.  And although the plaintiff has complained that AMR's redaction of medical records prevented him from learning the EMTs' names, AMR makes a valid point when it argues that the plaintiff still did not take other steps to seek out that information.  Docket No. 24, at 7.  For example, the plaintiff did not attempt to use any tools available to it such as remand-related discovery, which was authorized by the Magistrate Judge.  *See* Text-Only Order of April 27, 2012.

The plaintiff further argues that in a *respondeat superior* suit like this, Mississippi law requires the employee to be joined alongside the employer.  Docket No. 26, at 2 (citing *Crawford Logging, Inc. v. Estate of Irving*, 41 So. 3d 687 (Miss. 2010)).  He emphasizes the following sentence from that Mississippi Supreme Court decision: "There can be no assessment of damages against the employer when no action can be brought against the only negligent party—the employee."  *Id.* at 2 (quoting *Crawford Logging*, 41 So. 3d at 690).

The situation in *Crawford Logging*, though, is distinguishable from our own.  There, the plaintiff fully settled all his claims against the defendant-employee "and other entities in privity of interest therewith," and agreed to dismiss his lawsuit with prejudice, before seeking leave to amend his complaint to add the employer as a defendant.  *Crawford Logging*, 41 So. 3d at 690.  The Mississippi Supreme Court held that the plaintiff's vicarious liability claim against the employer was extinguished when the plaintiff settled with the employee "and other entities in privity of interest therewith."  *Id.* at 691.  The case does not require Hall and Farlow to be sued alongside AMR.

For these reasons, the plaintiff's motion for leave to amend and substitute Hall and Farlow

---

[3]  AMR's proffered sur-reply advances similar rulings from three District Judges in this judicial district. Docket No. 27-1, at 1-2 (citing *McKnight v. Orkin, Inc.*, No. 5:09-CV-17, 2009 WL 2367499 (S.D. Miss. July 30, 2009) (Bramlette, J.)); *Striblen v. Kansas City Southern Ry.*, No. 3:06-CV-268, 2007 WL 781844 (S.D. Miss. March 12, 2007) (Wingate, J.)); *Hoskins v. Zale Delaware, Inc.*, No. 1:05-CV-396, 2006 WL 568698 (S.D. Miss. March 7, 2006) (Guirola, J.)).  AMR's motion for leave to file the sur-reply will be granted.

for John Does 1 and 2 will be denied.  Any relief the plaintiff could receive from Hall and Farlow can be supplied by AMR.  Accordingly, as the remaining parties are completely diverse, this Court has jurisdiction over this action.

C.     *Marvin Hewatt's Motion to Dismiss*

Separate from the jurisdictional issues just discussed, two defendants have filed motions to dismiss under Rule 12(b)(6).  Marvin Hewatt Enterprises, Inc., which is alleged to be responsible for premises liability claims, argues that it had no possession or control over the gas station premises in question.  Docket No. 18, at 2.  It has attached a deed and a lease showing the names of the property owner and lessee, North State Center, LLC, and Goodway Management, Inc., respectively, which are citizens of Georgia.  Docket Nos. 17-1; 17-2.

The plaintiff's response concedes that Marvin Hewatt should be dismissed "without prejudice."  Docket No. 25, at 1.  He seeks leave to amend his complaint to add the property owner and lessee.  *Id.*  Marvin Hewatt subsequently filed a rebuttal to argue for dismissal with prejudice, claiming that "a dismissal without prejudice would serve little purpose, as the Plaintiffs could simply . . . re-file suit against Marvin Hewatt in the future."  Docket No. 28, at 1.

Because the plaintiff has essentially conceded that Marvin Hewatt has no possession or control over the land in question, Marvin Hewatt will be dismissed with prejudice.  The plaintiff's request for leave to amend to add the property owner and lessee will be granted.

D.     *Chevron's Motion to Dismiss*

Chevron has moved to dismiss under Rule 12(b)(6) for the same reasons as Marvin Hewatt. Docket No. 20.  It too has attached the deed and lease showing its lack of possession or control. Docket Nos. 20-1; 20-2.

The plaintiff has responded differently, though, claiming that he needs additional time under Rule 56(d) to respond to Chevron's summary judgment-type evidence.  Docket No. 25.  He notes that non-remand-related discovery has been stayed and has attached the sworn declaration of counsel required by the Rule.  Docket No. 25-1; *see* Fed. R. Civ. P. 56(d).  Chevron's rebuttal claims that the plaintiff's declaration is insufficiently specific to "obtain a continuance for discovery purposes." Docket No. 29, at 2.

Although the motion is styled as a motion to dismiss, Chevron's attachments and plaintiff's counsel's invocation of Rule 56(d) suggest that it should be denied without prejudice so that the

parties may engage in some discovery. The plaintiff is not seeking a continuance to prolong an existing discovery period, but rather to reach a merits discovery period in the first instance. Chevron may re-file its motion at an appropriate time.

IV.    *Conclusion*

  For these reasons, the plaintiff's motion to remand [Docket No. 6] is denied, the plaintiff's motion for leave to amend and substitute defendants [Docket No. 15] is denied, Marvin Hewatt's motion to dismiss with prejudice [Docket No. 17] is granted, the plaintiff's request for leave to amend to add the premises owner and lessee is granted, Chevron's motion to dismiss [Docket No. 20] is denied without prejudice, and AMR's motion for leave to file a sur-reply [Docket No. 27] is granted. The plaintiff's amended complaint shall be filed within 10 days.

  **SO ORDERED**, this the 13th day of November, 2012.

s/ Carlton W. Reeves     <br>
UNITED STATES DISTRICT JUDGE