IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL OLOWO-AKE, SR., ADMINISTRATOR OF THE ESTATE OF MICHAEL OLOWO-AKE, JR., AND ON BEHALF OF ALL OF THE HEIRS AT LAW AND WRONGFUL DEATH BENEFICIARIES OF MICHAEL OLOWO-AKE, JR., DECEASED** | **PLAINTIFF** |
| **V.** | **CAUSE NO. 3:12-CV-227-CWR-FKB** |
| **EMERGENCY MEDICAL SERVICES CORPORATION, AMERICAN MEDICAL RESPONSE, INC., AND JOHN DOES 1-10** | **DEFENDANTS** |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's Motion to Reconsider under Rule 59(e) of the Federal Rules of Civil Procedure. Docket No. 131. Defendants have responded. Docket No. 132. The Court finds that the Motion is DENIED.

"Reconsideration of a judgment is an extraordinary remedy which should be used sparingly and should not be used to relitigate old matters, raise new arguments or present evidence that could have been raised prior to entry of judgment." *Sevel v. BP Products North America*, No. 1:10CV179HSO-JMR, 2010 WL 2776369, *1 (S.D. Miss. 2010) (citations omitted). As articulated in *Atkins v. Marathon Le Tourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990):

> [There are] . . . three possible grounds for any motions for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice.

In his motion, Plaintiff argues that the Court erred grievously by granting summary judgment on his breach of contract claim when the Defendants did not even move for summary judgment on that ground. *See* Docket No. 131, at 2-3. To the contrary, Defendants counter that "by moving for summary judgment on *all* claims and seeking dispositive relief, it did identify the claims upon which summary judgment was requested—all of them." Docket No. 132, at 1, n.1 (emphasis in the original). In addition, Defendants note that in advance of the hearing, the Court informed counsel that "whether defendant is entitled to summary judgment on plaintiff's breach of contract claim" would be the focus of the hearing. Docket No. 132-1. By providing the notice of the issue it wanted to hear from the parties at the hearing, the Court could enter summary judgment on that ground even if that issue had not been specifically raised by the defendant. *See* Fed. R. Civ. P. 56(f); *see also Fields & Co. v. United States Steel Int'l, Inc.*, 426 Fed. Appx 271, 280 (5th Cir. 2011) ("It is well settled that a district court can grant summary judgment *sua sponte* so long as the adverse party had adequate notice to come forward with all of its evidence.").

Plaintiff's current motion does not invoke any of the grounds for which relief may be granted under a Rule 59(e) motion. He simply rehashes an issue which was argued extensively at the Court's hearing on January 9, 2015. Notice of this particular issue was provided, the parties were prepared to argue it, and, on that issue, as well as the other issues on which the Defendants prevailed, summary judgment in favor of the defendants was appropriate. Plaintiff's motion for reconsideration is therefore DENIED.

A Final Judgment in accordance with this Order will be issued on this day.

**SO ORDERED**, this the 5th day of June, 2015.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE